## WILHELMINA ROY vs. LEVI J. ROY.

### MARCH 24, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   Divorce.   Neglect to Provide.   Temporary Allowance.

Where a respondent in a divorce petition applied for and received an allowance by order of the court, from her husband, she cannot thereafter claim in a petition brought by her, for divorce, after dismissal of the petition of the husband, that the husband neglected and refused to furnish her with necessaries during the period covered by such payments.

DIVORCE.   Heard on exception of respondent and sustained.

VINCENT, J.   On March 20, 1920, Wilhelmina Roy filed her petition in the Superior Court against her husband, Levi J. Roy, praying for a divorce from bed and board and from future cohabitation, and for an allowance for support and maintenance until such time as the parties should become reconciled.

The petition was heard in the Superior Court and a decision rendered for the petitioner granting her a divorce from bed and board and future cohabitation with the respondent, &c.   The case is now before us upon the respondent's exceptions:   (1) To the refusal of the trial court to dismiss the petition;   (2) to the refusal of the court to admit certain testimony offered by the respondent;   and (3) to the decision of the trial court granting the prayer of the petition.

It appears that the marital discords and dissensions of this couple have been brought to the attention of the Superior Court upon two previous occasions.   In July 1914, the respondent here filed a petition for divorce which was heard and denied.   On February 8, 1919, he filed another petition which was also heard and denied.

In connection with the last-mentioned petition of Levi J. Roy, the respondent, now the petitioner here, filed a motion for an allowance for support and for witness and counsel fees.   After a hearing "on oral testimony and

agreements of counsel" a decree was entered, March 1, 1919, ordering the petitioner to pay to the respondent certain sums of money including fifteen dollars per week for her support beginning on March 3, 1919.

On July 10, 1919, this second petition of Levi J. Roy was denied and dismissed. It is undisputed that Mrs. Roy received fifteen dollars per week between March 3, 1919, and July 10, 1919, in accordance with the terms of the decree before referred to.

There is some contention now, in the case at bar, as to whether the payments of Mr. Roy in the prior suit were voluntary or involuntary. The respondent claims that they were voluntary and therefore were like any other expenditures for the benefit of the petitioner. On the other hand the petitioner claims they were involuntary and that the time covered thereby is available to her in calculating the period of the respondent's failure to supply necessaries. They were evidently made in pursuance of a decree of the Superior Court following and based upon the motion of the respondent in that case for an allowance. How far the parties through their respective counsel may have consented to the form and provisions of the decree does not appear but we see nothing in the papers in that case which would lead us to characterize such payments as "voluntary."

However it does not seem to us to be material whether such payments were made voluntarily or under the compulsion of the decree. They were made, and the advantages arising therefrom to Mrs. Roy would be the same in either case. It was within her discretion to apply for the allowance or to refrain from doing so. Having chosen to make the application and having received the money paid by her husband, we do not think that she can now claim that he has neglected and refused to furnish her with the necessities of life during the period covered by such payments.

The present petition, filed March 20, 1920, alleges the failure of the respondent to furnish necessaries for more than one year prior thereto, that being the minimum period

required by the statute in such cases. This is in effect an allegation that the respondent has neglected to provide for her support since March 20, 1919. But from March 3, 1919, to July 10, 1919, the petitioner was receiving fifteen dollars per week from her husband for her support under the order and decree of the Superior Court.

We think that the present petition was prematurely filed and for that reason it should have been dismissed.

The exception of the respondent to the decision of the trial justice granting the petitioner a divorce from bed and board and future cohabitation is sustained.

The petitioner may appear before this court, if she shall see fit, on April 3, 1922, at ten o'clock A. M., and show cause, if any she has, why an order should not be made remitting the case to the Superior Court with direction to dismiss the petition.

*Pettine & De Pasquale*, for petitioner.

*Walling & Walling, Cooney & Cooney*, for respondent.